IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-185-D
No. 7:24-CV-1007-D

SHAWN SCOTT FONVILLE, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On October 28, 2024, Shawn Scott Fonville ("Fonville" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and 420-month sentence [D.E. 168]. On November 20, 2024, the government moved to dismiss Fonville's petition for failure to state a claim upon which relief can be granted [D.E. 172] and filed a memorandum in support [D.E. 173]. See Fed. R. Civ P. 12(b)(6). On March 17, 2025, Fonville responded. See [D.E. 173]. As explained below, the court grants the government's motion to dismiss and dismisses Fonville's motion to vacate.

I.

On November 17, 2018, a federal grand jury in the Eastern District of North Carolina indicted Fonville. See [D.E. 1]. Count one charged Fonville with conspiracy to distribute and possess with the intent to distribute a quantity of heroin. Id. at 1–2. Count three charged Fonville with possession with intent to distribute a quantity of heroin. Id. at 2. Count four charged Fonville with possession of a firearm in furtherance of a drug trafficking crime. Id. at 2–3. Counts five and six charged Fonville with possession of a firearm and ammunition by a felon. See id. at 3.

The indictment also alleged that Fonville had a qualifying prior conviction for a felony drug offense that had become final. See id. at 4; 21 U.S.C. § 851.

Fonville's retained defense counsel entered a notice of appearance on November 20, 2018. See [D.E. 28]. On August 4, 2019, defense counsel filed a motion to suppress and alleged that the "search warrant [of Fonville's residence on Mayfair Drive in Wilmington] is not supported by probable cause. The good faith exception does not apply and the evidence seized as a result of the warrant should be suppressed." [D.E. 61] 10. On August 19, 2019, the United States responded in opposition. See [D.E. 64].

On August 28, 2019, the Honorable Malcom J. Howard instructed the parties to confer and propose dates for a hearing on the motion "unless the parties agree that no hearing is necessary . . . ." [D.E. 65]. On September 13, 2019, the parties notified the court that "a hearing is not necessary." [D.E. 67] 1.

On April 16, 2020, Magistrate Judge Swank issued a memorandum and recommendation ("M&R"). See [D.E. 75]. In the M&R, Judge Swank analyzed the search warrant and supporting application and recommended that the court deny Fonville's motion to suppress. See id. at 2–10; see also [D.E. 64-2]. Judge Swank explained Detective Morris's investigation of Fonville and his alleged heroin dealing in Wilmington. See [D.E. 75] 2–3. Judge Swank recounted controlled purchases from Fonville's associates and Fonville's use of his residence on Mayfair Drive in Wilmington. See id. at 3–4. Judge Swank also recounted Detective Morris's knowledge of Fonville's history of drug dealing and trips to New York to obtain heroin to sell in Wilmington. See id. at 3. Judge Swank then described in detail the events leading to Detective Morris obtaining a search warrant from a North Carolina Superior Court Judge on July 30, 2018, of the Mayfair Drive residence. See id. at 4–5.

Judge Swank described the probable cause standard and a judicial officer's obligation to consider the totality of the circumstances. See id. at 6. Judge Swank then found a sufficient nexus between the Mayfair Drive residence and Fonville's criminal conduct. See id. at 7–10.

On April 30, 2020, Fonville objected to the M&R. See [D.E. 76]. On May 7, 2020, Judge Howard overruled Fonville's objections, adopted the M&R, and denied Fonville's motion to suppress. See [D.E. 77] 1–3.

On August 11, 2020, Fonville's case was reassigned to Judge James C. Dever III. On January 29, 2021, the jury trial began. See [D.E. 98]. On February 1, 2021, the jury convicted Fonville on all five counts. See [D.E. 100, 108].

On September 14, 2021, the court held Fonville's sentencing hearing. See [D.E. 131]. The court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 121]. See [D.E. 142] 5. The court received evidence concerning Fonville's objection to the drug weight, including testimony from a Wilmington police officer. See id. at 6–25. The court credited the officer's testimony and considered the trial evidence. See id. at 24–25. The court found that Fonville was conservatively responsible for three kilograms of heroin and overruled Fonville's objection. See id. Thus, Fonville's base offense level was 32. See id. The court also overruled Fonville's other three objections and added two levels under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises, three levels under U.S.S.G. § 3B1.1 for being a manager or supervisor, and two levels under U.S.S.G. § 3C1.1 for attempted obstruction of justice. See id. at 25–32.

The court calculated Fonville's total offense level to be 39 and his criminal history category to be V. See id. at 32. Thus, Fonville's advisory guideline range was 360 months to life with 60 months' consecutive imprisonment on count five. See id.

3

After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Fonville to 360 months' concurrent imprisonment on counts one and three, 120 months' concurrent imprisonment on counts five and six, and 60 months' consecutive imprisonment on count four, for a total sentence of 420 months' imprisonment. See id. at 45–52.

On September 28, 2021, Fonville appealed. See [D.E. 134]. On July 31, 2023, the United States Court of Appeals for the Fourth Circuit affirmed. See [D.E. 161]. The Fourth Circuit held that the probable cause affidavit filed in support of the search warrant application alleged a sufficient nexus between Fonville's residence on Mayfair Drive and other evidence indicating that he was engaged in trafficking heroin. See id. at 4. Moreover, the Fourth Circuit rejected Fonville's argument attacking the reasonableness of his sentence. See id.

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

4

In reviewing a section 2255 petition, the court is not limited to the petition itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel— that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Fonville must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

5

assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have received a different total sentence if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In his motion, Fonville contends that (1) his counsel was ineffective by failing to request an evidentiary hearing concerning his motion to suppress and (2) this court's determination of drug quantity at sentencing violated Fonville's rights under the Fifth Amendment Due Process Clause. See [D.E. 168] 5–6.

As for the motion to suppress, Fonville argued on direct appeal "that the probable cause affidavit filed in support of the search warrant application failed to allege a sufficient nexus between his residence and other evidence indicating that he was involved in trafficking heroin." [D.E. 161] 4. The Fourth Circuit "disagree[d]." Id. The Fourth Circuit explained that the affidavit adequately "alleged that Fonville was involved in transporting heroin from New York to Wilmington, North Carolina, and conducting individual sales of heroin, both personally and through associates." Id. "Regarding Fonville's residence, the affidavit alleged that one of Fonville's dealers frequently drove Fonville's car from the residence to a block where narcotics sales were known to take place." Id. "And at the time the dealer was arrested, he had just left Fonville's residence, again in Fonville's car, while carrying roughly 30 bags of heroin." Id. "These allegations coupled with the abundant evidence of Fonville's involvement in heroin

6

trafficking, were more than enough to establish a connection between the suspected crime and Fonville's home." Id. (citing United States v. Lull, 824 F.3d 109, 119 (4th Cir. 2016)); see United States v. Darosa, 102 F.4th 228, 233–34 (4th Cir. 2024).

Although Fonville characterizes his first claim as an ineffective assistance of counsel claim in failing to request an evidentiary hearing on the motion to suppress, Fonville really seeks to recharacterize his claim concerning the motion to suppress that he lost on direct appeal. Fonville, however, cannot use section 2255 to recharacterize and relitigate a claim that he lost on direct appeal. See Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, Fonville's claim concerning the motion to suppress fails.

Alternatively, Fonville does not plausibly allege deficient performance or prejudice arising from counsel's decision to not request an evidentiary hearing on the motion to suppress. See, e.g., Premo v. Moore, 562 U.S. 115, 123–28 (2011); Knowles v. Mirzayance, 556 U.S. 111, 124–27 (2009); Strickland, 466 U.S. at 687–91, 698, 700. The Fourth Circuit explained the nexus between the Mayfair Drive residence and other evidence indicating that Fonville was involved in heroin trafficking. See [D.E. 161] 4–5. Judge Swank did too. See [D.E. 75] 2–10.

"Courts are busy places." McGill, 11 F.3d at 225. "Not surprisingly, evidentiary hearings on motions are the exception, not the rule." Id. "[E]ven in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion." Id. "[A] party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment." Id.; see United States v. Pridgen, 64 F.3d 147, 150 (4th Cir. 1995) (discussing court's discretion in deciding whether to hold an evidentiary hearing); Fed. R. Crim. P. 12(c)(1)(same).

7

"District courts need not conduct an evidentiary hearing on all suppression motions." United States v. Bowman, 106 F.4th 293, 300 (4th Cir. 2024), cert. denied, 145 S. Ct. 426 (2024). "When the facts underlying the motion are clear and undisputed, an evidentiary hearing provides little value." Id. A "district court must hold an evidentiary hearing on a suppression motion only if the motion raises a material factual dispute." Id. "In other words, a hearing is required when the motion asserts facts that (1) are disputed and unresolvable on the record and (2) will affect the resolution of the constitutional claim." Id.; see United States v. Griffin, 811 F.App'x 815, 816 (4th Cir. 2020) (per curiam) (unpublished); United States v. Taylor, 13 F.3d 786, 789 (4th Cir. 1994).

Fonville has not plausibly alleged that counsel's performance was deficient in not seeking an evidentiary hearing. The facts were not in dispute. The affidavit in support of the search warrant said what it said. This court simply had to determine whether the nexus was present, and the search warrant was supported by probable cause. See, e.g., Darosa, 102 F.4th at 233–34; [D.E. 161] 4. Even with an evidentiary hearing, the nexus was present, probable cause existed, and Fonville would have lost the motion to suppress. The Sixth Amendment did not require counsel to request an evidentiary hearing, and his failure to do so does not plausibly reflect deficient performance or prejudice. See, e.g., Premo, 562 U.S. at 123–28; Mirzayance, 556 U.S. at 124–27; Strickland, 466 U.S. at 687–91, 698, 700.

Alternatively, and in any event, Fonville would not have been able to overcome the good faith exception to the exclusionary rule. See, e.g., United States v. Leon, 468 U.S. 897, 926 (1984); Darosa, 102 F.3d at 234–35; United States v. Fall, 955 F.3d 363, 371–72 (4th Cir. 2020); United States v. McKenzie-Gude, 671 F.3d 452, 459–61 (4th Cir. 2011); United States v. Williams, 548

8

F.3d 311, 318–21 (4th Cir. 2008); United States v. Bynum, 293 F.3d 192, 197–99 (4th Cir. 2002). Thus, Fonville's first claim fails.

As for Fonville's claim that this court's determination of drug weight at sentencing violated Fonville's due process rights, Fonville procedurally defaulted this claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Fonville from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2011). Furthermore, Fonville has not plausibly alleged actual innocence or cause and prejudice resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Thus, the claim fails.

Alternatively, Fonville's attack on the drug weight finding is really an attack on the calculation of his advisory guideline range. Fonville, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Thus, the claim fails.

Alternatively, the court did not violate due process during Fonville's sentencing hearing. The Due Process Clause permitted the court to make the contested finding of fact about drug weight at sentencing. See, e.g., Alleyne v. United States, 570 U.S. 99, 107–16 (2013); Dillon v. United States, 560 U.S. 817, 88–29 (2010); United States v. Booker, 543 U.S. 210, 246–66 (2005); Apprendi v. New Jersey, 530 U.S. 466, 481 (2000). The contested drug weight did not increase

9

Fonville's mandatory minimum sentence or increase his sentence above an otherwise applicable statutory maximum. Thus, Fonville's due process claim fails.

After reviewing the claims presented in Fonville's motion, the court finds that reasonable jurists would not find the court's treatment of Fonville's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court GRANTS counsel's motion for special appearance [D.E. 167], GRANTS respondent's motion to dismiss [D.E. 172], DISMISSES petitioner's motion [D.E. 168], and DENIES a certificate of appealability.

SO ORDERED. This 7 day of August, 2025.

                                                    JAMES C. DEVER III
                                                    United States District Judge